UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEILA DICKERSON,**  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-14763** |
| **GLENN HAPL, ET AL.,**  Defendants | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is Plaintiff Leila Dickerson's Motion for Partial Summary Judgment against Glenn Hapl ("Hapl"), Swanson Trucking, Inc. ("Swanson"), and Northland Insurance Company ("Northland")[1] in her favor on the issues of "liability" and "course and scope."[2]

## BACKGROUND

Plaintiff Leila Dickerson alleges she was driving eastbound on Interstate 10 in Orleans Parish on New Year's Eve in 2018 when a phantom vehicle merged into her lane and forced her to apply her brakes.[3] Dickerson alleges she was then rear-ended by Defendant Hapl, who was under the influence of marijuana and alcohol and was following too closely behind her.[4] Dickerson seeks to hold Hapl liable jointly and in solido with his employer, Swanson, and his employer's insurer, Northland, for damages sustained as a result of the accident.[5]

---

[1] R. Doc. 34. Defendants Glenn Hapl and Swanson Trucking, Inc. oppose the motion. R. Doc. 44. Defendant Northland Insurance Company opposes the motion. R. Doc. 46.
[2] Plaintiff inadvertently also lists insurance coverage and intoxication in her memorandum in support of her motion for summary judgment but does not brief these issues. *See* R. Doc. 34-1 at 1.
[3] R. Doc. 19 at ¶ 3; R. Doc. 34-1 at 3.
[4] R. Doc. 19 at ¶ 3; R. Doc. 34-1 at 3.
[5] R. Doc. 1-1 at ¶ 7.

1

## **STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] "An issue is material if its resolution could affect the outcome of the action."[7] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[8] All reasonable inferences are drawn in favor of the nonmoving party.[9] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[10]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[11] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[12]

---

[6] Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[7] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[8] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[9] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[10] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[11] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[12] *Celotex*, 477 U.S. at 322–24.

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[13] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[14] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[15] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[16] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule

---

[13] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322–24, and requiring the Movers to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).

[14] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

[15] *Celotex*, 477 U.S. at 332–33.

[16] *Id.*

56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[17] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[18]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[19]

## LAW AND ANALYSIS

I. **Plaintiff is Not Entitled to Partial Summary Judgment that Hapl Was the Sole Cause of the Accident.**

Plaintiff alleges Hapl breached his duty of ensuring the safety of other motorists and of maintaining a safe and guarded distance from preceding vehicles.[20] Plaintiff seeks partial summary judgment that Hapl was the sole cause of the accident.[21]

It is undisputed an accident occurred[22] and the tractor-trailer driven by Hapl rear-ended Dickerson's vehicle.[23] Hapl admitted to receiving a citation for following too closely after the accident and paying the ticket.[24] Other relevant facts are in dispute. Defendants

---

[17] *Celotex*, 477 U.S. at 332–33, 333 n.3.
[18] *Id.*; *see also First National Bank of Arizona*, 391 U.S. at 289.
[19] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[20] R. Doc. 34-1 at 6-7.
[21] *Id.* at 4, 9.
[22] R. Doc. 34-3 at ¶ 1; R. Doc. 44-13 at ¶ 1.
[23] R. Doc. 34-5, Hapl's Responses to Requests for Admission, at ¶ 7.
[24] *Id.* at ¶ 13.

have invoked the Sudden Emergency Doctrine under Louisiana law and argue that because of an unanticipated hazard—Dickerson's sudden braking—Hapl could not reasonably have been avoided the collision.[25] Dickerson testified she slowed her vehicle down because another vehicle changed into her lane and, as a result, there was no hard braking.[26] The Defendants do not dispute the Plaintiff slowed down immediately prior to the accident, but point to her testimony that she did perform a hard brake.[27] Whether or not the Plaintiff performed an unanticipated hard brake is in dispute. Because the Plaintiff is seeking partial summary judgment on only one element of her negligence claim, causation, summary judgment would be inappropriate even if there were no material facts in dispute.

Jurisdiction in this matter is based on diversity. The Court will apply Louisiana negligence law.[28] Louisiana employs a duty-risk analysis in determining liability for negligence.[29] A plaintiff must prove five elements:

> (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages.[30]

The question of whether a duty is owed, and the scope of that duty, is a question of law. Whether there was a breach of the duty, whether the substandard conduct was the cause-

---

[25] R. Doc. 25 at 3. Defendants argue Dickerson performed a "hard brake."
[26] R. Doc. 34-6, Leila Dickerson Dep. 136:16-21.
[27] $. Doc. 44-2 at 11.
[28] *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[29] *Bufkin v. Felipe's Louisiana, LLC*, No. 2014-0288, 171 So.3d 851, 855 (La. Oct. 15, 2014).
[30] *Id.*

in-fact and legal cause of the damages, and whether damages resulted, are questions of fact.[31]

Louisiana courts have recognized the five-factor negligence inquiry presents a particularly difficult challenge at the summary judgment stage, because "a negative answer to any of the inquiries of the duty/risk analysis results in a determination of no liability."[32] "The use of summary judgment is rarely appropriate in negligence . . . cases, even where the material facts are not disputed."[33] Louisiana courts have made clear that summary judgment should not be granted on particular elements of a negligence claim, because, "by dividing the issue of liability into smaller issues. . . . [t]here is a possibility of confusion arising out of the factual interrelationship between the adjudicated element and the unadjudicated element that could lead to inconsistent rulings and piecemeal litigation."[34] In other words, summary judgment "may not be granted for purposes of determining a particular element of liability where such a determination is not completely dispositive of the question of liability between the parties concerning the claim and where other issues such as comparative fault remain unresolved."[35]

The Fifth Circuit also has noted the difficulties in granting summary judgment in negligence cases:

> Because of the peculiarly elusive nature of the term "negligence" and the necessity that the trier of facts pass upon the reasonableness of the conduct in all the circumstances in determining whether it constitutes negligence, it

---

[31] *Teter v. Apollo Marine Specialties, Inc.*, No. 2012-1525, 115 So. 3d 590, 598 (La. App. 4 Cir. April 10, 2013).
[32] *Hanks v. Entergy Corp.*, No. 2006-477, 944 So.3d 564, 579 (La. Dec. 18, 2006).
[33] *Davidson v. Stanadyne, Inc.*, 718 F.2d 1334, 1338–39 (5th Cir. 1983) (citing *Marsden v. Patane*, 380 F.2d 489, 491 (5th Cir. 1967); *Gross v. Southern Railway Co.*, 414 F.2d 292, 296 (5th Cir.1969); *Croley v. Matson Navigation Co.*, 434 F.2d 73, 75 (5th Cir.1970); *King v. Avtech Aviation, Inc.*, 655 F.2d 77, 78 (5th Cir. 1981); 10A Wright, Miller & Kane, Federal Practice and Procedure § 2729 at 195 (1983)).
[34] *Jones v. LSU Health Sciences Center-Shreveport*, 880 So. 2d 269, 270 (La. App. 2 Cir. Sept. 2, 2004).
[35] *Williams v. City of New Orleans*, 637 So. 2d 1130, 1132 (La. App. May 17, 1994), *writ denied*, 644 So. 2d 632 (La. Oct. 7, 1994).

is the rare personal injury case which can be disposed of by summary judgment, even where the historical facts are concededly undisputed.[36]

Thus, a federal court sitting in Louisiana will grant summary judgment in a negligence case only in "rare circumstances."[37]

The Plaintiff is not entitled to partial summary judgment on the issue of causation in this case. Such a determination would not be completely dispositive of the question of liability between the parties and other issues such as comparative fault would remain unresolved.

## II.     Plaintiff is Entitled to Partial Summary Judgment that Hapl was in the Course and Scope of his Employment by Swanson.

Plaintiff seeks to hold Swanson liable for the negligence of its employee Hapl under a theory of respondeat superior.[38] To hold an employer liable for vicarious liability in Louisiana, a plaintiff must establish: (1) an employer-employee relationship; (2) that the act was committed during the course and scope of employment; and (3) that the employee's acts were tortious.[39]  Plaintiff seeks partial summary judgment on the second element--that Hapl was acting in the course and scope of his employment by Swanson at the time of the accident.

Plaintiff argues there are no material facts in dispute and she is entitled to partial summary judgment as a matter of law on this element. "An employee is acting within the course and scope of his employment when the employee's action is of the kind that he is

---

[36] *Gauk v. Meleski*, 346 F.2d 433, 437 (5th Cir. 1965).
[37] *Davidson*, 718 F.2d at 1339 & n.8 ("In tort actions in which determinations of a less "elusive nature," such as the existence of an agency relationship, waiver, or whether a plaintiff is in a class protected by a statute, are dispositive, summary judgment may more often be appropriate." (citing 10A Wright, § 2729 at 197–201)); *see also Keating v. Jones Development of Mo., Inc.*, 398 F.2d 1011, 1015 (5th Cir. 1968) ("Negligence is a seldom enclave for trial judge finality. Negligence is a composite of the experiences of the average man and is thus usually confined to jury evaluation.").
[38] R. Doc. 1-1.
[39] La. C.C. art. 2320; *Maze v. Grogan*, 694 So.2d 1168, 1169-70 (La. App. 1 Cir. May 9, 1997).

employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve his employer."[40] In Louisiana, when an employee involved in an accident was driving his employer's vehicle, there is a presumption he was acting within the course and scope of his employment.[41]

Plaintiff points to undisputed material facts establishing her right to partial summary judgment. It is undisputed an accident occurred.[42] It is undisputed Hapl was driving a 2015 Peterbuilt tractor-trailer at the time of the accident.[43] It is undisputed Hapl worked for Swanson Trucking,[44] which owned the 2015 Peterbuilt.[45] It is undisputed Hapl had Swanson's permission to drive the 2015 Peterbuilt,[46] and Hapl was driving it on Swanson's behalf at the time of the accident.[47] The Defendants contest only whether Hapl was intoxicated at the time of the accident and whether Swanson knew of, contributed to, permitted, or could have prevented his intoxication.[48] These factual disputes are relevant to Swanson's liability for exemplary damages under Louisiana Civil Code art. 2315.4 but not to its liability for compensatory damages under respondeat superior.

Defendants have raised no disputed issues of material fact relevant to the issue of whether Hapl was acting in the course and scope of his employment at the time of the accident.[49] Summary judgment is granted in Plaintiff's favor and against Defendants that

---

[40] *Zeitoun v. New Orleans*, 81 S.o.3d 66, 75 (La. App. 4 Cir. Dec. 7, 2011).
[41] *Iglinsky v. Player*, No. 08-cv-650, 2010 WL 4905984 (W.D. La. Nov. 24, 2010) (citing *Fackrell v. Gulley*, 246 So.2d 386 (La. App. 1 Cir. Mar. 15, 1971); *Windham v. Security Ins. Co. of Hartford*, 337 So.2d 577 (La. App. 4 Cir. Aug. 31, 1976)).
[42] R. Doc. 34-3 at ¶ 1; R. Doc. 44-13 at ¶ 1.
[43] R. Doc. 34-3 at ¶ 2; R. Doc. 44-13 at ¶ 2.
[44] R. Doc. 34-3 at ¶ 7; R. Doc. 44-13 at ¶ 7.
[45] R. Doc. 34-3 at ¶ 3; R. Doc. 44-13 at ¶ 3.
[46] R. Doc. 44 at 14.
[47] R. Doc. 34-7 at ¶ 4.
[48] R. Doc. 44-13 at ¶ 8.
[49] R. Doc. 44; R. Doc. 44-13. Defendants argue summary judgment on course and scope must be denied because there is no evidence establishing Swanson "contributed to, knew of, permitted, or could have prevented Hapl's intoxication." R. Doc. 44 at 15. This issue is not relevant to whether Hapl was acting in the course and scope of his employment.

Hapl was acting in the course and scope of his employment by Swanson at the time of the accident.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's motion for partial summary judgment that Glenn Hapl was the sole cause of the accident is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment that Glenn Hapl was working within the course and scope of his employment by Swanson Trucking, Inc. at the time of the accident is **GRANTED**.

**New Orleans, Louisiana, this 28th day of October, 2020.**

                                                **SUSIE MORGAN**
                                **UNITED STATES DISTRICT JUDGE**