UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEILA DICKERSON,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-14763** |
| **GLENN HAPL, ET AL.,**<br>    **Defendants** | **SECTION: "E" (3)** |

## ORDER

Before the Court is Defendant Northland Insurance Company's ("Northland") Motion for Partial Summary Judgment in its favor on Plaintiff's claims for punitive damages.[1] Plaintiff does not oppose the motion. Accordingly, the Court considers Northland's statement of uncontested facts to be admitted pursuant to Local Rule 56.2.[2] Although the dispositive motion is unopposed, summary judgment is not automatic, and the Court must determine whether Northland has shown entitlement to judgment as a matter of law.

Jurisdiction in this matter is based on diversity. Although the Northland insurance policy was issued in Illinois, Northland does not contest the application of Louisiana law and notes that the laws of both states do not conflict with respect to contractual interpretation.[3] The Court will apply Louisiana contract law.[4]

Plaintiff Leila Dickerson filed suit alleging she was driving on Interstate 10 in Orleans Parish on New Year's Eve in 2018 when a phantom vehicle merged into her lane

---

[1] R. Doc. 58.
[2] "All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement" LR 56.2.
[3] *See Joshua Donahue v. Republic Nat'l Distributing Co., LLC*, No. 16-cv-13948, 2020 WL 5711980 (E.D. La. Sept. 24, 2020) ("the laws of Illinois, Wisconsin, and Louisiana do not conflict on the issues of general contractual interpretation and an insurer's duty to defend and indemnify").
[4] *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

1

and forced her to apply her brakes.[5] Dickerson alleges she was then rear-ended by Defendant Glenn Hapl, who was in the course and scope of his employment with Swanson Trucking ("Swanson").[6] Dickerson sued Hapl, Swanson Trucking, Inc. ("Swanson"), and his employer's insurer, Northland.[7]

It is undisputed that Northland issued a commercial automobile insurance policy to Swanson that was in effect at the time of the accident.[8] The policy included a "PUNITIVE DAMAGES EXCLUSION" expressly excluding coverage for "[a]ny punitive or exemplary damages."[9] It further stated, "[i]n the event that a suit is brought against you involving punitive or exemplary damages, we will provide a defense to such action without liability, however, for such punitive or exemplary damages."[10]

The Fifth Circuit has explained, "[u]nder Louisiana law, insurance contracts are to be liberally interpreted in favor of coverage. Exclusions from coverage must be unambiguous, and an ambiguity in an insurance contract will be construed against the drafter."[11] Louisiana courts have held punitive damage exclusions in insurance policies are enforceable when expressed in terms that are clear and unambiguous.[12] The Court finds the exclusion in the Northland policy to be clear and unambiguous.[13]

---

[5] R. Doc. 58-4 at ¶ 1; R. Doc. 19 at ¶ 3; R. Doc. 34-1 at 3.
[6] R. Doc. 58-4 at ¶ 2; R. Doc. 19 at ¶¶ 3, 9; R. Doc. 34-1 at 3.
[7] R. Doc. 1-1 at ¶ 7.
[8] R. Doc. 58-4 at ¶ 5.
[9] R. Doc. 58-3 at 55.
[10] *Id.*
[11] *Meredith v. La. Federation of Teachers*, 209 F.3d 398, 407 (5th Cir. 2000) (citations omitted).
[12] *Taylor v. Lumar*, 612 So.2d 798, 800 (La. App. 1 Cir. Dec. 23, 1992) ("we hold that the exclusion of punitive damages in the definitions section of the American Surety policy issued to Mr. Lumar does not offend public policy."). *See also Borden, Inc. v. Howard Trucking Co., Inc.*, 454 So.2d 1081, 1085 (La. 1983) ("The Ames policy is clear and unambiguous that loss of use and other consequential losses are excluded from coverage."); *Williams v. USAgencies Cas. Ins. Co.*, 140 So.3d 895 (La. App. 3 Cir. June 4, 2014) (upholding a policy's exclusion of coverage for intoxicated drivers because it was "clear and unambiguous" and did not contravene statute or public policy).
[13] *See McDaniel v. DeJean*, 556 So.2d 1336 (La. App. 3 Cir. 1990) (considering language in an insurance policy and holding that the reference to "punitive" damages was sufficient to exclude damages under La. C.C. art. 2315.4 which uses the word "exemplary").

**IT IS ORDERED** that Defendant Northland's motion for partial summary judgment in its favor and against Plaintiff Leila Dickerson is **GRANTED**. Punitive damages are not recoverable by Plaintiff against Northland Insurance Company.

**New Orleans, Louisiana, this 28th day of October, 2020.**

                                                   _____
                                                       **SUSIE MORGAN**
                                       **UNITED STATES DISTRICT JUDGE**